```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


REGINALD D. WILSON,             )
                                )
            Petitioner,         )
                                )
      v.                        )     No. 4:09 CV 1345 DJS / DDN
                                )
 STEVE LARKINS,                 )
                                )
            Respondent.         )
```

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the petition of Missouri state prisoner Reginald D. Wilson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The action was referred to the undersigned United States Magistrate Judge for review and a recommended disposition under 28 U.S.C. § 636(b). For the reasons set forth below, the petition for a writ of habeas corpus should be denied.

**I. BACKGROUND**

On June 13, 2007, petitioner Reginald Wilson was convicted by a jury in the Circuit Court of the City of St. Louis of two counts of trespass in the first degree, one count of resisting lawful detention, and one count of resisting arrest.[1] (Doc. 11, Ex. C at 62-66.) On August 2, 2007, petitioner was sentenced to six months on each trespass count, one year on the resisting lawful detention count, to be served concurrently, and four years imprisonment on the resisting arrest count, to be served consecutively to the other sentences. (Id., Ex. E at 1.)

On November 7, 2007, petitioner appealed his conviction, challenging the sufficiency of the evidence on the resisting arrest count. The Missouri Court of Appeals affirmed. (Id., Ex. E at 2.);

---

[1] Petitioner was charged as follows: Count #1, Burglary 2nd Degree (Class B Felony); Count #2, Resisting a Stop or Detention (Class A Misdemeanor); Count #3, Possession of Burglar's Tools (Class D Felony); Count #4, Burglary 1st Degree (Class C Felony); and Count #5, Resisting Arrest (Class D Felony). (Doc. 11, Ex. C at 14.) On Count #3, the jury found petitioner not guilty. (Id. at 64.) On each of Counts #1 and #4, the jury was instructed on the lesser included offense of trespass in the first degree, of which he was convicted. (Id. at 55, 59, 62, 65.)

State v. Wilson, 271 S.W.3d 62 (Mo. App. Ct. 2008) (per curiam). Petitioner did not seek state court post-conviction relief. (Doc. 1 at 5, 7, 9, 10.)

On January 26, 2009, petitioner filed an application in this district court for a writ of habeas corpus. Wilson v. Wilson, Case No. 4:09-CV-00164 ERW. However, the application was dismissed for failing to respond to a show-cause order. On August 20, 2009, petitioner filed the instant petition for a writ of habeas corpus.

In a memorandum supplementing its order affirming petitioner's conviction, the Missouri Court of Appeals stated the relevant facts that support the verdicts as follows:

> On October 15, 2005, Officer Charles Betts was investigating an incident at a home in the City of St. Louis when he saw a person, later identified as [petitioner], in the home's carriage house. [Petitioner] fled after being ordered to stop. Officer Betts then put out a description of [petitioner] with a request that he be detained.
>
> Later that day, Detective Anton Treis and his partner went to the home to participate in a burglary investigation. The owner of the home took the detectives to the carriage house. Less than a minute after Det. Treis entered the carriage house, [petitioner] forced open the back door and walked in. [Petitioner] was wearing dark pants, a navy blue sweatshirt, and a surgical mask over his face. Det. Treis advised [petitioner] that he was a detective and was investigating a burglary, and [petitioner] ran out the door. Det. Treis ordered [petitioner] to stop. Det. Treis chased [petitioner] on foot. While he was running, [petitioner] dropped a bag containing two screwdrivers, a hacksaw, a pair of black rubber gloves, and a newspaper. [Petitioner] also took off layers of clothing as he ran. Det. Treis put out a description of [petitioner] and continued to chase him. Another officer saw [petitioner] and took him into custody. Det. Treis then advised [petitioner] that he was under arrest for burglary and resisting arrest by flight.

(Doc. 11, Ex. E at 2-3.)

## II. PETITIONER'S GROUNDS FOR HABEAS RELIEF

Petitioner seeks federal habeas corpus relief on four grounds:

(1) the trial court erred in not admitting testimony from petitioner's alibi witness, Susan Kell;

(2) a St. Louis City Circuit Judge committed obstruction of justice by amending a previous court order regarding petitioner's

medical treatment for a broken jaw during petitioner's detention before trial;

(3) state officials and medical providers conspired to commit false imprisonment during petitioner's detention before trial; and

(4) state officials and medical providers were deliberately indifferent to petitioner's serious medical needs regarding the condition of his broken jaw during his detention before trial.

(Doc. 1 at 5-11.)

Respondent contends that petitioner's first ground is procedurally barred and without merit, and that grounds two, three and four are not cognizable on federal habeas corpus review. (Doc. 10 at 2.)

### III. EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for the claims they make in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(1)(A)(2000). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c)(2000). Given the limitation periods for raising issues on direct appeal and in motions for post-conviction relief, no proper procedure for litigating his federal habeas claims remains available to petitioner. Missouri Supreme Court Rule 29.15 provides the sole means of state post-conviction relief on habeas grounds. Mo. Supr. Ct. R. 29.15(a). The rule requires a motion for such relief to be filed within ninety days after the mandate of the appellate court affirming judgment is issued, or 180 days after petitioner is delivered into custody if no appeal is taken. Id. 29.15(b). The mandate of the Missouri Court of Appeals in petitioner's case was rendered December 10, 2008, which required petitioner to file for post-conviction relief under Rule 29.15 by March 10, 2009.

However, exhaustion in the sense that petitioner has no remaining procedure for bringing a claim to the state court does not satisfy the statutory requirement. Rather, petitioner must have fairly presented the substance of each federal ground to the trial and appellate courts. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). If he has not done so and has no remaining procedure for doing so because he has defaulted on the legitimate requirements of the otherwise available

procedures, his ground for federal habeas relief is barred from being considered by the federal courts. King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court); Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993).

Nevertheless, petitioner may avoid the procedural bar if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish sufficient cause for the procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with a state procedural requirement. Id. at 750-52.

To establish actual prejudice, the petitioner must demonstrate that the alleged errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (internal quotations omitted); see also Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995) (stating that the standard of prejudice to overcome procedural default "is higher than that required to establish ineffective assistance of counsel under Strickland.").

To demonstrate that the failure to review his grounds for relief would result in a fundamental miscarriage of justice, the petitioner may show that he was actually innocent. Murray v. Carrier, 477 U.S. 478, 495-96 (1986). A habeas petitioner asserting actual innocence to support his allegations of constitutional error must do so with new, reliable evidence. Schlup v. Delo, 513 U.S. 298, 324 (1995). Without new evidence of innocence, even a meritorious constitutional claim is not sufficient to permit a habeas court to reach the merits of a procedurally defaulted claim. Id. at 316.

## IV.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that habeas relief may not be granted by a federal court on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to clearly" established law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or ... decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000)(plurality opinion). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. Id.

The standard for habeas review articulated by AEDPA applies only to those claims which were adjudicated on the merits by a state court. See Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002). Where a petitioner's claims were not adjudicated on the merits by a state court, the pre-AEDPA standard for habeas review governs. Id. ("Because this claim apparently was not adjudicated by the Minnesota court, we likely should apply the pre-AEDPA standard of review."). Under the pre-AEDPA standard, the habeas petitioner must show a "reasonable probability that the error complained of affected the outcome of the trial or that the verdict likely would have been different absent the now-challenged [defect]." Id. at 866 (internal quotations omitted).

## V. DISCUSSION

**Custody**

Respondent contends that because the concurrent sentences for the three misdemeanor counts had expired as of the date petitioner filed for habeas relief, those sentences cannot be challenged here. (Doc. 10 at 4.) However, a petitioner serving consecutive sentences may challenge

a sentence that has expired until all sentences have been served. See Garlotte v. Fordice, 515 U.S. 39, 40-41 (1995). The trial court's sentencing order granted petitioner credit for jail time previously served. (Doc. 11, Ex. C at 45.) Consequently, the calculation start date for petitioner's four-year sentence for the felony resisting arrest conviction, which was to be served consecutively to the concurrent misdemeanor trespassing and resisting detention sentences, was December 7, 2005. (Id., Ex. F; Id., Ex. C at 73-74.) The expiration of petitioner's misdemeanor sentences by the time he filed for habeas relief on August 20, 2009, does not bar petitioner from challenging convictions underlying all of the four sentences.

Respondent acknowledges that the expiration of petitioner's four-year felony sentence on December 6, 2009 and his subsequent release does not cause his August 20, 2009 habeas petition to fail the statutory custody requirement. (Doc. 10 at 4); see 28 U.S.C. § 2254(a)(2000). The custody requirement of the habeas statute is met if petitioner is incarcerated when the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Nor does petitioner's December 6, 2009 discharge from custody cause his petition to become moot as no longer presenting an Article III case or controversy. See U.S. Const. art. III, § 2. Where a petitioner has not been pardoned, collateral consequences of his convictions remain, "including the possibility that the conviction would be used to impeach testimony he might give in a future proceeding and the possibility that it would be used to subject him to persistent felony offender prosecution if he should go to trial on any other felony charges in the future," rendering such a case not moot. Evitts v. Lucey, 469 U.S. 387, 391 n.4 (1985).

Therefore, for the reasons set forth above, neither the expiration of the three misdemeanor sentences at the time the petition was filed, nor the fact that petitioner has subsequently been released from custody bar petitioner from challenging here convictions underlying all of the four sentences.

**Ground 1**

For his first ground for federal habeas corpus relief, petitioner claims the trial court erred in failing to admit the testimony of an alibi witness.

Procedurally, in order to advance this claim as a ground for federal habeas corpus relief, petitioner must have fairly presented the substance of the claim to the state trial and appellate courts. Anderson, 459 U.S. at 6. Though petitioner preserved this point at trial (Doc. 11, Ex. D at 255) and alleged it in his motion for acquittal (Id., Ex. C at 69), petitioner failed to raise the point on appeal, where his sole contention was that the state's evidence was insufficient to convict him beyond a reasonable doubt of the class D felony of resisting arrest (Id., Ex. A at 11). Petitioner also failed to seek post-conviction relief. Failure to raise this ground on direct appeal or to follow state post-conviction procedures procedurally bars its consideration in a subsequent petition for federal habeas relief. See Sweet, 125 F.3d at 1149-50, 1151; Mo. Supr. Ct. R. 29.15.

Petitioner attempts to overcome the procedural bar by alleging that his failure to raise the alleged trial court error on appeal was due to ineffective assistance of appellate counsel. (Doc. 1 at 5.) However, an ineffective assistance of counsel claim must be "presented to the state courts as an independent claim before it can be used to establish cause for a procedural default" in federal habeas proceedings. Murray, 477 U.S. at 489. Since petitioner has not independently raised the ineffective assistance of counsel claim seeking post-conviction relief in state court, he fails to meet this requirement. Furthermore, petitioner has not asserted his innocence by showing any new exonerating evidence in an effort to demonstrate that failure to review his grounds for relief would result in a fundamental miscarriage of justice.[2] Schlup, 513 U.S. at 324. Therefore, petitioner's first ground for federal habeas corpus relief remains procedurally barred.

A review of the trial record shows that petitioner's first ground is also without merit. Since the trial court did not provide a rationale for its denial of petitioner's motion for acquittal which raised the claim that forms petitioner's first ground (Doc. 11, Ex. C

---

[2] In Ground One of his petition, petitioner claims that a receipt from a scrap yard on the day of the arrest shows he could not have been present at the scene of the crime at the relevant time. (Doc. 1 at 5.) However, this evidence is not new, but was considered and found unreliable by the trial court, together with the testimony of Susan Kell, in an evidentiary hearing outside the jury's presence. (Doc. 11, Ex. D at 244-55.)

at 69) and the claim was not raised on appeal or in any post-conviction review (Doc. 1 at 5), the merits of petitioner's first ground for federal habeas corpus relief were never addressed by the state courts, rendering the pre-AEDPA standard of review applicable. Robinson, 278 F.3d at 865.

Under the pre-AEDPA standard, petitioner bears the burden of showing the trial court's decision to admit Ms. Kell's testimony affected the outcome of the trial. Id. at 866. In reviewing a state court's evidentiary ruling, a habeas petitioner must establish a violation of due process by a burden greater than the showing of plain error. Mendoza v. Leapley, 5 F.3d 341, 342 (8th Cir. 1993)(per curiam).

The record shows that the trial court's characterization of Ms. Kell's testimony as unreliable and its subsequent decision not to admit it before the jury was not in error. Ms. Kell was a cashier and receptionist at a south St. Louis City scrap yard. (Doc. 11, Ex. D at 246.) Petitioner intended to use her testimony to show that the date and ticket number of a receipt that he held from the scrap yard on the date of the crime tended to indicate that he could not have been at the crime scene when the crime occurred. (Id. at 245-55.) However, the ticket had no time stamp. (Id. at 248.) Ms. Kell could not support her estimation of the time the ticket was generated based on the ticket number, but rather indicated that the estimation was given to her by her boss and that she did not know how her boss arrived at that estimation. (Id. at 250-51.)

Cross-examination showed that Ms. Kell was not present at the scrap yard on the relevant date, had never seen petitioner before, and had no personal knowledge of whether petitioner was actually the person for whom the ticket was generated. (Id. at 252-54.) Since there was nothing beyond speculation to indicate what time of day petitioner's ticket was generated and Ms. Kell had no personal knowledge whether petitioner was the person for whom the ticket was generated, the trial court found the testimony "woefully unreliable" and held it inadmissible. (Id. at 255.) Petitioner neither objected, nor argued the point further. (Id.)

In contrast to the unreliable proffered testimony of petitioner's alibi witness, the record contains uncontroverted evidence that petitioner was present at the scene of the crime. Det. Treis testified that petitioner stepped into the carriage house and stood at least

twenty feet from him, close enough that the detective could identify what he was wearing. (Id. at 176-77.) When Det. Treis addressed petitioner, he fled, and the detective gave chase on foot. (Id. at 177-78.) As the detective lost sight of petitioner, other officers picked up the chase. (Id. at 180.) Though petitioner removed items of clothing as he ran, officers in pursuit updated petitioner's description by radio, until he was taken into custody by Det. Treis. (Id. at 179-81.) Det. Treis identified petitioner in the courtroom as the man who fled from the carriage house and as the person he took into custody after the chase. (Id. at 187.)

Based on facts presented in the record and the level of speculation involved in Ms. Kell's testimony, it was reasonable for the trial court to deem her testimony and the accompanying receipt as less probative than prejudicial. The trial court's decision to exclude her testimony was not in error. Furthermore, given the overwhelming nature of the state's evidence regarding the trespass counts, petitioner has failed to show that the outcome of the trial would have been different if Ms. Kell's alibi testimony had been offered before the jury. Petitioner's allegation of error on the part of the trial court is without merit.

Additionally, petitioner's claim that appellate counsel's decision not to raise the alleged error of the trial court on appeal constitutes ineffective assistance of counsel is without merit. In order to prevail on an ineffective assistance of counsel claim, petitioner must first demonstrate that counsel's performance was deficient by showing the representation fell below an objective standard of reasonableness; second, petitioner must show that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). Counsel is presumed to have exercised reasonable professional judgment. Id. at 690. To rebut the presumption, petitioner must identify the acts or omissions alleged not to have been the result of reasonable professional judgment. Id. The court then determines whether, in light of the circumstances, the alleged acts or omissions were outside the range of professionally competent assistance. Id.

Here, given the unreliability of Ms. Kell's alibi testimony, the police detective's uncontroverted testimony that petitioner was arrested after running from the scene of the crime, and the level of deference given on appeal to a trial court's determination of the credibility of evidence, it was not unreasonable for appellate counsel to conclude that

an appeals court would be unwilling to overturn the trial court's weighing of Ms. Kell's testimony as more prejudicial than probative. See Carter v. Bowersox, 265 F.3d 705, 713-14 (8th Cir. 2001) (in a claim against appellate counsel, petitioner must show reasonable probability that the result of the appeal would have been different if the argument had been made). Petitioner's claim of ineffective assistance of appellate counsel is without merit.

**Grounds 2-4**

Both before and after trial, petitioner, pro se, filed in this district court three separate complaints under 42 U.S.C. § 1983 concerning his pre-trial detention. See Wilson v. CMS Medical Services, et al., Case No. 4:06-CV-967; Wilson v. Wilson, et al., Case No. 4:09-CV-160; Wilson v. Hallazzgo, et al., Case No. 4:09-CV-1346. Each complaint generally alleged, against the same public safety, court and medical officials, constitutional violations of petitioner's right to adequate medical care; deliberate indifference to serious medical needs; conspiracy to conceal, alter and impede court orders; conspiracy for false imprisonment; and obstruction of justice. (Doc. 11, Exs. G-I.)

The first § 1983 action was dismissed with prejudice, defendants' motions for summary judgment having been granted. Wilson v. CMS Medical Services, et al., Case No. 4:06-CV-967, at Doc. 53 (E.D.Mo., Mar. 9, 2007), appeal dismissed for failure to prosecute, No. 07-1823 (8th Cir. 2008)(summary order). The remaining two § 1983 actions were dismissed without prejudice. Wilson v. Wilson, et al., Case No. 4:09-CV-160, at Doc. 5 (E.D. Mo., Feb. 18, 2009); Wilson v. Hallazzgo, et al., Case No. 4:09-CV-1346 at Doc. 5 (E.D. Mo., Sept. 4, 2009), summarily affirmed, No. 09-3589 (8th Cir., Apr. 14, 2010); (see Doc. 11, Ex. G at 18; Ex. H at 2-3; Ex. I at 3-4.)

Petitioner now raises the same claims that formed the bases of the § 1983 actions as separate grounds for federal habeas relief.[3] (Doc. 1 at 6, 8, 10.)

The essence of habeas corpus is an attack by a prisoner on the legality of his custody. Preiser v. Rodriquez, 411 U.S. 475, 484 (1973). If a petitioner fails to attack the validity or length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ of habeas corpus. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996)(per curiam); see Fed. R. Civ. P. 12(b)(1). Even though a liberal reading of a prisoner's petition may show a well-stated § 1983 claim enabling the court to entertain it under the Civil Rights Act, the doctrines of issue and claim preclusion still apply to claims that have already been litigated. Id. at 1074 n.1.

In Kruger, a petitioner serving a twenty-year sentence for kidnapping and criminal sexual conduct brought an unsuccessful § 1983 claim alleging his civil rights were violated because prison officials took his blood sample for DNA analysis against his objection; the Minnesota Court of Appeals affirmed, and the Minnesota Supreme Court denied review. Kruger, 77 F.3d at 1073. Kruger then filed a habeas corpus petition in federal district court raising the same allegation. Id. The district court denied Kruger's petition upon the recommendation of the Magistrate Judge, who on the merits found that the blood-taking procedure did not amount to a constitutional violation, and granted Kruger a certificate for probable cause for appeal. Id. On appeal, the Eighth Circuit held that the district court correctly denied Kruger's habeas petition, but that it erred in issuing a certificate for probable cause, because Kruger's petition for habeas corpus was in actuality a § 1983 claim which had been previously rejected by the state courts. Id. Kruger made no colorable allegations that his underlying conviction

---

[3] Petitioner's Ground Three contains two disparate sentences. The first sentence concerns the "conspiracy for false imprisonment" and "deliberate indifference" claims which were part of his previous § 1983 claims. (Doc. 1 at 8.) A second sentence states that petitioner was convicted of misdemeanor trespassing, and not of felony burglary. (Id.) As previously noted, the jury convicted petitioner of two counts of first degree misdemeanor trespass in lieu of the first and second degree felony burglary counts. The felony resisting arrest conviction underlies the four-year felony sentence petitioner is serving, not the trespassing convictions. (Doc. 11, Ex. C at 66, 74.)

was invalid or that he was denied his freedom from unlawful incarceration. Id. at 1074. The Eighth Circuit stated that the Magistrate Judge should have recommended dismissal of the case for lack of subject matter jurisdiction or, if he had considered the petition under § 1983, should have dismissed it as having been previously litigated. Id.

In Grounds Two through Four of his petition, petitioner does not allege that his underlying convictions are invalid or that he has been denied his freedom from unlawful incarceration. Rather these grounds allege the identical violations raised in the three § 1983 claims that have previously been considered by the district court. Petitioner's appeal of his first §1983 claim was dismissed for failure to prosecute. Wilson v. CMS Medical Services, et al., Case No. 4:06-CV-967 (Doc. 71 at 1.). Petitioner took no action regarding the dismissal of his second claim. Wilson v. Wilson, et al., Case No. 4:09-CV-160. Petitioner's third claim was summarily affirmed on appeal. Wilson v. Hallazzgo, et al., Case No. 4:09-CV-1346 (Doc. 17 at 1.). Thus, Grounds Two, Three and Four of petitioner's habeas petition should not be considered under the Civil Rights Act because they have already been litigated. See Kruger, 77 F.3d at 1074. Furthermore, since Grounds Two through Four do not properly challenge the fact of petitioner's conviction or the length of his custody, the district court should dismiss them for lack of subject matter jurisdiction.

## VI. RECOMMENDATION

For the reasons stated above, the undersigned recommends that the petition of Reginald D. Wilson for a writ of habeas corpus be denied.

The parties are advised that they have 14 days to file written objections to this Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 21, 2010.